IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JUDY C. HARRIS

v.                                      C.A. NO. 12-3713

DOW CHEMICAL COMPANY

MEMORANDUM OPINION AND ORDER

SCHMEHL, J.                                    NOVEMBER 13, 2013

Plaintiff brought this employment discrimination case under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA") against defendant Dow Chemical Company, claiming defendant discriminated against her on the basis of her race and age when it decided not to hire her for a Human Resources position in 2011. Plaintiff also claims that defendant's decision not to hire her was in retaliation for plaintiff having filed a prior lawsuit against Rohm and Haas Company ("RH"), which defendant acquired in 2009. She has also asserted race and retaliation claims under 42 U.S.C. § 1981. Presently before the court is the defendant's motion for summary judgment. For the reasons that follow, the motion is granted.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009)(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect

the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. and N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

In her response to defendant's motion for summary judgment, plaintiff "incorporate[d] herein by reference the Statement of Undisputed Facts as set forth in Part II of Defendant's Memorandum of Law in Support of its Motion for Summary Judgment and Plaintiff's Appendix in Opposition to Defendant's Motion for Summary Judgment." (Doc. 20 at 1). Those facts are as follows: Plaintiff is an African-American who was born in 1949. She worked in the Human Resources department for RH from 1972 to 2002. In 2001, Plaintiff brought an employment discrimination suit against RH, which was settled in 2002. Defendant acquired RH in 2009.

Plaintiff applied on-line for a Human Resources Generalist job at defendant's Bristol, Pennsylvania site on March 3, 2011. (Harris Dep. at 17). Plaintiff's on-line application consisted of a cover letter, an application, a resume and a prescreening questionnaire. (Id. at 22-23 and exh. 2) Although plaintiff worked for RH for thirty years from January 1972-2002, she stated in her resume that she actually worked for defendant from 1992 to December 2002. (Id. at 30-31 and

exh. 2). Plaintiff did not state her race in any of her on-line application documents and did not present any information from which her race could be inferred. (Id. at exh. 2). Plaintiff also did not state her age in any of her on-line application documents and did not present any information from which her age could be calculated or inferred. (Id. at exh. 2). Plaintiff did not mention her prior lawsuit against RH anywhere in her on-line application. (Id.).

The Hiring Manager for defendant who decided not to hire plaintiff was Angelia Wilson. (Wilson Dep. at 18-19). Plaintiff testified that she has never met Wilson nor spoken with Wilson and does not know Wilson's age or race. (Harris Dep. at 116-117). Wilson confirmed that she had never spoken with plaintiff. (Wilson Dep. at 27). As defendant's Hiring Manager for the Bristol Human Resources job, Wilson determined the specific job requirements and wrote the job description, selected the candidates to interview, and made the hiring decision. (Wilson Dep. at 19, 22, 29; Wilson Decl. at ¶ 2.).

The on-line applications for the Bristol Human Resources job were initially processed by defendant's workforce planning recruiter Renata Naoumov. (Naoumov Dep. at 9-11). Naoumov collected the on-line applications, including plaintiff's application, and made a preliminary phone call to plaintiff to confirm her availability for an interview and for the job if ever ultimately hired. (Id. at 9-10, 13). Naoumov took contemporaneous notes of her conversation with plaintiff and then placed the notes into a "History" file and forwarded the notes to Wilson (Id. at 18-19). These notes made no reference to plaintiff's race, age or lawsuit against RH. (Wilson Dep. at exh 1). Naoumov did not determine whether plaintiff's resume met the requirements in the job description and had no input into deciding whether plaintiff or any other applicant should be interviewed, as only Wilson made that decision. (Naoumov Dep. at 12-14, 16; Wilson Dep. at

3

18-19). Wilson did not consult with Naoumov in determining who to hire for the Human Resources job. (Naoumov Dep. at 25). Naoumov did not speak with Wilson about plaintiff, as Naoumov's communication with Wilson about plaintiff was limited to providing Wilson with plaintiff's resume. (Naoumov Dep. at 23; Wilson Dep. at 26, 29, 51).

Wilson did not speak with plaintiff concerning the Human Resources job and Wilson knew nothing more about plaintiff than what appeared on plaintiff's resume. (Wilson Dep. at 26-27, 50). Wilson did not speak with anyone who had been a RH employee about plaintiff before deciding not to interview her. (Wilson Decl. at ¶ 3).

Wilson testified that the reason she decided not to interview plaintiff was because plaintiff's resume did not contain the extensive labor relations background that Wilson was looking for. (Wilson Dep. at 30, 33; Wilson Decl. at ¶ 3). Wilson also testified that she did not like the fact that plaintiff had represented on her resume that she had worked for defendant from 1992-2002 given that defendant did not acquire RH until 2009. (Wilson Decl. at ¶ 3).

Wilson testified that she hired Michael Sirockman for the Human Resources job because she thought he had a strong labor relations background, had worked in manufacturing work environments that were subject to mergers/acquisitions and because he interviewed well for the job. (Wilson Dep. at 53-54, 57; Wilson Decl. at ¶ 4).

Plaintiff testified that she does not know why Wilson decided not to hire her. (Harris Dep. at 118). Plaintiff further testified that she did not know whether Wilson knew plaintiff's race, age or the fact that she had filed a prior lawsuit against RH when Wilson decided not to hire plaintiff. Id. Wilson testified that she did not know plaintiff's race or age when she decided not to interview plaintiff or that plaintiff had previously brought a suit against RH. (Wilson Dep. at 50,

4

60). Plaintiff testified that she has no witness to support her claims of race and age discrimination or to support her claim of retaliation. (Harris Dep. at 138, 146, 152)

Under the burden-shifting analysis established by the Supreme Court in McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802-803 (1973), plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of race discrimination under Title VII or age discrimination under the ADEA. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993). In order to establish a *prima facie* case of discrimination based on a failure to hire, plaintiff must prove that (1) she is a member of a protected class, (2) she was qualified for the position sought, (3) she was rejected despite being qualified, and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to plaintiff to fill the position, or treated more favorably those not in the protected class. Sarullo v. U.S. Postal Service, 352 F.3d 789, 797 (3d Cir. 2003).[1]

Defendant argues that plaintiff is unable to establish a prima facie case of race or age discrimination, because she has nor produced any evidence that would raise an inference of discriminatory action. Specifically, defendant contends that its individual decision-maker was completely unaware of plaintiff's race and age at the time she decided not to interview plaintiff for the Human Resources position and, therefore, defendant could not have discriminated against plaintiff. The court agrees.

"It is logically impossible for an employer to discriminate against a job applicant on either of these [race and age] bases if the employer is unaware of the applicant's race or age."

---

[1]Plaintiff's claims under 42 U.S.C. § 1981 are analyzed under the same McDonnell-Douglas standard. Coleman v. Blockbuster, Inc., 352 Fed. Appx. 676, 680 (3d Cir. 2009).

5

Felix v. Albert Einstein Healthcare Network, 2012 WL 525893 at *5 (E.D. Pa. Feb. 17, 2012). See also Sarullo, 352 F.3d at 799 ("Absent knowledge of [the plaintiff's] age, [the defendant's] decision not to [hire] him does not raise an inference of age discrimination."); Geraci v. Moody-Tottrup, Intern., Inc., 82 F.3d 578, 581 (3d Cir. 1996) ("it is counter-intuitive to infer that the employer discriminated on the basis of a condition of which it was wholly ignorant."); Gomez v. Med. College of Pa., 1994 WL 4238427 at *3, n.7 (E.D. Pa. August 12, 1994). (An employer "must be subjectively aware of [the plaintiff's] race in order to intentionally discriminate" on that basis).

It is undisputed that Wilson was defendant's Hiring Manager for the Bristol Human Resources position. It is further undisputed that Wilson never met or spoke with plaintiff and her only knowledge of plaintiff was the resume plaintiff submitted on line. It is further undisputed that this resume did not disclose plaintiff's race or age. Wilson testified that she did not know plaintiff's race or age when she decided not to interview defendant or that plaintiff had previously brought a suit against RH. (Wilson Dep. at 50, 60). There was nothing in workforce recruiting planner Naoumov's notes from her conversation with plaintiff that were forwarded to Wilson that would indicate plaintiff's race or age. (Wilson Dep. at exh. 1). Naoumov did not speak with Wilson about plaintiff, as Naoumov's communication with Wilson about plaintiff was limited to providing Wilson with plaintiff's resume. (Naoumov Dep. at 23; Wilson Dep. at 26, 29, 51).

Most significant is that plaintiff herself admitted that she does not know why Wilson decided not to hire her or whether Wilson even knew plaintiff's race or age.. (Harris Dep. at 118.). Finally, plaintiff testified that she has no witness to support her claims. (Id. at 138, 146,

152). Since it is undisputed that Wilson did not know plaintiff's race or age at the time she decided not to hire plaintiff, plaintiff has failed, as a matter of law, to produce evidence that would raise an inference of discriminatory action. As a result, plaintiff has failed to establish a prima facie case of race or age discrimination, and judgment will be entered in defendant's favor on these claims.

In order to establish a claim for retaliation under Title VII, plaintiff must show that (1) she was engaged in a protected activity, (2) she was subject to an adverse job action subsequent to or contemporaneously with said action, and (3) there is a causal link between the protected activity and the subsequent job action. Sarullo, 352 F.3d at 800. Once again, plaintiff has not submitted any evidence to indicate that Wilson, the decision-maker, had any knowledge of plaintiff's prior suit against RH that was filed ten years earlier in 2001 and was settled in 2002 ,at the time she decided not to hire plaintiff. Lacking such evidence, plaintiff has failed to establish a causal link between her filing of the lawsuit in 2001 and the decision not to hire her in 2011.